UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:24-CR-00142 HEA |
| | ) | |
| JASON M. ENKE, | ) | |
| | ) | |
| Defendant. | ) | |

## **GUILTY PLEA AGREEMENT**

Come now the parties and hereby agree, as follows:

**1.    PARTIES:**

The parties are the defendant Jason M. Enke, represented by defense counsel Terry J. Flanagan, and the United States of America (hereinafter "United States" or "Government"), represented by the Office of the United States Attorney for the Eastern District of Missouri. This agreement does not, and is not intended to, bind any governmental office or agency other than the United States Attorney for the Eastern District of Missouri. The Court is neither a party to nor bound by this agreement.

**2.    GUILTY PLEA:**

Pursuant to Rule 11(c)(1)(A), Federal Rules of Criminal Procedure, in exchange for the defendant's voluntary plea of guilty to all counts of the Indictment, the Government agrees that no further federal prosecution will be brought in this District relative to the defendant's offenses stemming from the facts that gave rise to the charging instruments, of which the Government is aware at this time.

1

The parties agree that the recommendations contained herein fairly and accurately set forth some guidelines that may be applicable to this case. The parties agree to make a joint request for a sentence of no more than one hundred and sixty-eight (168) months of imprisonment followed by a period of life on supervised release and all applicable restitution and assessments. The parties understand that the Court is neither a party to nor bound by the Guideline's recommendations agreed to in this document nor the sentencing recommendation of the parties.

The defendant knowingly and voluntarily waives any right, title, and interest in all items seized by law enforcement officials during the course of their investigations, whether or not they are subject to forfeiture, and agrees not to contest the vesting of title of such items in the United States. The defendant agrees that said items may be disposed of by law enforcement officials in any manner.

3.   **ELEMENTS:**

As to Count One, the defendant admits to knowingly violating Title 18, United States Code, Section 2252A(a)(2), and admits there is a factual basis for the plea and further fully understands that the elements of the crime of Receipt of Child Pornography which he admits to knowingly committing and for which he admits there is a factual basis are: (1) defendant knowingly received (2) using any means or facility of interstate or foreign commerce, including by computer, (3) images of child pornography, (4) which were visual depictions where the production of such visual depictions involved the use of a minor engaging in sexually explicit conduct and such visual depictions were of a minor engaging in sexually explicit conduct.

As to Count Two, the defendant admits to knowingly violating Title 18, United States Code, Section 2252A(a)(2), and admits there is a factual basis for the plea and further fully understands that the elements of the crime of Distributing of Child Pornography which he admits to knowingly committing and for which he admits there is a factual basis are: (1) defendant knowingly distributed (2) using any means or facility of interstate or foreign commerce, including by computer, (3) images of child pornography, (4) which were visual depictions where the production of such visual depictions involved the use of a minor engaging in sexually explicit conduct and such visual depictions were of a minor engaging in sexually explicit conduct.

As to Count Three, the defendant admits to knowingly violating Title 18, United States Code, Section 2422(b), coercion and enticement of a minor, and admits there is a factual basis for the plea and further fully understands that the elements of the crime are (1) the defendant knowingly attempted to persuade, induce, entice or coerce an individual (2) who had not attained the age of eighteen years (3) to engage in sexual activity (4) for which any person can be charged with a criminal offense and (5) did so utilizing the internet, a means of interstate and foreign commerce.

**4.    FACTS:**

The parties agree that the facts in this case are as follows and that the Government would prove these facts beyond a reasonable doubt if the case were to go to trial.  These facts may be considered as relevant conduct pursuant to Section 1B1.3:

In November of 2023, the FBI St. Louis Field Office received CyberTip 176243543 from the National Center for Missing and Exploited Children (NCMEC) reporting the defendant Jason Enke's distribution, on October 13, 2023, of a video of child pornography to an Instagram user using the screenname "its_silence_lover", who listed their age as 15. The video Enke sent to

3

"its_silence_lover" over Instagram depicted a juvenile female penetrating her vagina with a comb and urinating.

In September and October of 2023, Enke participated in an internet-based social media chat with an individual utilizing the screenname "zurisadaiguz." During the chat, Enke messaged with "zurisadaiguz" to include sending photographs, audio messages, and video files which were sexual in nature. The photographs included photographs of an adult male penis. Most of the communications between Enke and "zurisadaiguz" were sexual in nature and included Enke's nicknames for "zurisadaiguz" to include, "good little girl," "princess," and "baby girl." "Zurisadaiguz" indicates to Enke that she is in the presence of her sister during some of their communications. On September 22, 2023, during communications about masturbation, Enke asked "zurisadaiguz," "Did you rub with sister there?" Further communications between Enke and zurisadaiguz are set forth below.

On September 22, 2023, the following communications took place.

> Enke: "you wouldn't fuck me?"
>
> Zurisadaiguz: "young skin."
>
> Enke: "What yours is?"
>
> Zurisadaiguz: "Yup."

On September 22, 2023, at 21:13 hours (UTC), Enke sent a 59-second video to "zurisadaiguz" which included a male and female engaged in sexual intercourse. While sending the video to "zurisadaiguz," Enke stated "me and another ex she was 16." FBI St. Louis located the female depicted in this video, whose initials are S.W. and who presently resides in Wisconsin. S.W. identified herself as the female in this video and confirmed that she was 16

4

years of age at the time the video was produced by Enke of his sexual contact with her that took place in the state of Missouri.

On October 3, 2023, the following communications took place.

> Enke: "hey bb."
>
> Zurisadaiguz: "Morning"
>
> Zurisadaiguz: "in class."
>
> Enke: "would you rather be o daddy's cock tho?"

On October 5, 2023, the following communications took place.

> Enke: "Sweetie you busy?"
>
> Enke: "I miss you"
>
> Zurisadaiguz: "No"
>
> Enke: "Oh in school?"
>
> Zurisadaiguz: "Yup"

On October 10, 2023, the following communications took place.

> Enke to zurisadaiguz: "You still my good little girl?"
>
> Enke: "Homework?"
>
> Enke: "You wearing cute pjs?"

On October 11, 2023, Enke participated in an online social media chat with username "its_silence_lover." During the chat, Enke messaged with "its_silence_lover" to include sending photographs, audio messages, and video files which were sexual in nature. The photographs included photographs of a male penis. Instagram indicated that the reported age of the individual utilizing the username "its_silence_lover" was "15." Communications between Enke and its_silence_lover are set forth below.

5

On October 11, 2023, the following communications took place.

>Enke: "Fuck me now please"

>its_silence_lover: "sit on your dick"

>Enke: "Yes please"

>Enke: "Do that now"

Following this interaction, Enke sent a video to "its_silence_lover". The video was a 36-second video of a female minor masturbating with her hand. On October 11, 2023, after sending the video, the following further communications took place.

>Enke: "Me and an ex"

>Enke: "Yes"

>Enke: "You are so sweet and sexy"

>its_silence_lover: "Ok"

Following this interaction, Enke sent another video to "its_silence_lover." The video was a 59-second video of a white male and white female engaged in sexual intercourse. The video was the same video Enke sent to "zurisadaiguz" when he stated to "zurisadaiguz": "Me and another ex she was 16" that depicts Enke and juvenile S.W. engage din sexual contact.

Also, on October 11, 2023, the following interaction took place.

>Its_silence_lover: I'm busy now.

>Enke: Really Why

>Enke: I didn't cum.

>Enke: Video was uploaded.

>Enke: Now my days going to be bad and painful "asf."

The video uploaded in this communication was the video originally submitted to NCMEC. The video depicted a female minor penetrating her vagina with a comb, who is also urinating during the video.

From August 30, 2023 to October 10, 2023, Enke participated in an online social media chat with username "b.e.a.t.r.i.c.e_22." During the chat, Enke messaged with "b.e.a.t.r.i.c.e_22" to include sending video files which were sexual in nature.

On August 30, 2023, the following interaction took place.

> Enke: "You horny?"
>
> b.e.a.t.r.i.c.e_22: "Not really, not right now"
>
> Enke: Video sent
>
> Enke: "Awe I wanna play around with you baby"
>
> Enke: "I have toys too"
>
> Enke: "Wyd"
>
> Enke: "Me and another ex"
>
> Enke: video sent
>
> b.e.a.t.r.i.c.e_22: "wow that's so"
>
> Enke: Thanks
>
> Enke: Your pussy look better bb?"
>
> b.e.a.t.r.i.c.e_22: "Yes but I'm not going to show it to you. Who are the children on your profile?
>
> Enke: "My daughters I'm divorced and single. Why won't you baby"

The first video Enke sent to "b.e.a.t.r.i.c.e_22" was of a male and a female having sexual intercourse. The second video Enke sent to "b.e.a.t.r.i.c.e_22" was a 59 second video of a

male and juvenile female engaged in sexual intercourse. The video was the same video Enke sent

to zurisadaiguz when he stated to zurisadaiguz "Me and another ex she was 16," depicting

Enke's sexual contact with juvenile S.W.

From August 26, 2020 to October 8, 2023, Enke participated in an online social media

chat with username "Kelsey.ig." The following communications took place.

> Jason6565453: "Hi"
>
> Kelsey.ig: "Hello"
>
> Jason6565453: "What's up"
>
> Kelsey.ig: "Nun much"
>
> Jason6565453: "Ya just bored"
>
> Jason6565453: "Where you from"
>
> Kelsey.ig: "England"
>
> Jason6565453: "Wow so you have that sexy England accent lol"
>
> Kelsey.ig: "Err"
>
> Kelsey.ig: "Your like 30"
>
> Jason6565453: "Ok u are?"
>
> Kelsey.ig: "I'm underage"
>
> Jason6565453: "Oh oops"
>
> Jason6565453: "Sorry you mad now"
>
> Kelsey.ig: "What"
>
> Jason6565453: "Mad at me"
>
> Kelsey.ig: "Er why would I be"
>
> Jason6565453: "For that sexy thing"

8

Kelsey.ig: "Err what"

Jason6565453: "You want me to leave?"

Jason6565453: "And the pic I sent on snap? You didn't like it?"

Kelsey.ig: "What"

Jason6565453: "On Snapchat I sent a pic did you like it"

Kelsey.ig: "coo"

Jason6565453: "Hi"

Jason6565453: "Hey wyd"

Kelsey.ig: "Share x"

Kelsey.ig: Sent unknown attachment

Jason6565453: "Your sexy asf sweetheart"

Jason6565453: "Hey sexy"

Jason6565453: "Hi"

Jason6565453: "Hey sweetie"

Kelsey.ig: Sent unknown attachment

Kelsey.ig: "Share x"

Jason6565453: "Hey"

Jason6565453: "Hello"

Jason6565453: "Hey"

Jason6565453: "You busy"

Jason6565453: "So sexy wow"

Jason6565453: "How you been doing?"

Jason6565453: "Hey bb"

9

Jason6565453: "Kelsey.ig wasn't notified about this message because they're in quiet mode"

From August 15, 2023 to October 6, 2023, Enke participated in a chat with username "_adeline._reilly._." The communications from Enke to "_adeline._reilly._" were sexual in nature. These communications included the communications set forth below.

On August 15, 2023, Enke states to "_adeline._reilly._," "I'd love to get freaky with you baby girl lol." On August 15, 2023, Enke tells "_adeline._reilly._," "You need to learn about your body." Later in that same communications Enke tells her, "I can't believe you have never done anything yet." When Enke askes "You seen a dick irl," "_adeline._reilly._" responds "No." Enke proceeds in his communications with "_adeline._reilly._" to describe, in explicit terms, sexual contact he would like to have with her. When Enke tells "_adeline._reilly._" "Want to actually share my cock in you bb" and "I wish you actually liked my dick bb," "_adeline._reilly._" responds "Umm…" "I'm feeling uncomfortable." In communications, "_adeline._reilly._" refers multiple times to her "Mom" and "grandpa" being present near her and Enke suggests she go to her room to communicate with him. During communications on August 29, 2023, "_adeline._reilly._" tells Enke that she is "in class."

On or about February 14, 2022, Crawford County Sheriff's office took a report from a father who reported concerning communications from Enke to the reporter's 15-year old daughter via the internet-based social media app Facebook Messenger. Those communications included the following:

Enke: Hey what's up? You not friends with [name of Enke's daughter omitted] anymore?

Juvenile: I thought we were lol

10

Enke: Ya I'm just messing with ya lol how ya been?

Juvenile: Good wbu?

Enke: Not too bad dealing with these monsters haha

Juvenile: Hahaha that's good

Enke: [Name of Enke's daughter omitted] said you been racking them in ? lol

Enke: Don't tell her I said anything

Juvenile: What do you mean lol

Enke: You know what I mean lol

Enke: 7 now damn

Enke: (smiling face emoji)

Juvenile: 7? I'm kinda confused atm

Enke: Body count as you all call it I think lol

Juvenile: I have 6 lol I haven't had a body in like month but yeah

Enke: Oh wow damn

Juvenile: Yeah regret it but it happens ig

Enke: How old was you on first

Juvenile: 14

Enke: Oh

Enke: And don't regret it

Enke: Its only sex just be smart about it

Juvenile: Well I regret how it bc especially how young I am and thank you for not

bashing me ab it actually cuz a lot of ppl

Enke: Your fine

11

Enke: Did you call me a dilf? Lol

Juvenile: No? lol

Enke: And don't worry I lost count around 50ish that was in 20s lol

Enke: In my 20s

Juvenile: Okay lol

Enke: o u mad at me?

Juvenile: No I'm getting ready for school

Enke: well ya duh haha

Enke: You aint telling her are you?

Juvenile: No

Enke: Ok don't want no shit lol

Juvenile: Understandable

Enke: Sorry for putting you on the spot

Juvenile: No you're okay lol

Juvenile: I know lol

Enke: Do you want me to stop talking to you?

Juvenile: You don't have to lol I'm just getting ready for school

Enke: IK you are I'm just curious if your weirded out or what?

Juvenile: Oh no lol! I didn't think anything like that

Enke: Cool (with a shh emoji)

Juvenile: Okok

Enke: You ride the bus?

Juvenile: Yeah

12

Enke: Though so they don't know where the bus goes kinda scattered brained

Enke: How many of them things you drink you drink that night?

Enke: What are you doing tonight?

Juvenile: Nothing

Enke: Nothing at all you should come over and help me a paint LOL

Juvenile: is [name of Enke's daughter omitted] going to be there this weekend?

Enke: No lol.

On March 13, 2024, Special Agents of the FBI executed a federal search warrant authorized by the United States District Court for the eastern District of Missouri at Enke's residence in Bourbon, MO. Upon contact with the occupants of the residence, Enke exited the house. Enke's three minor daughters also exited the residence and disclosed to agents that they were the victims of verbal, mental, and physical abuse by Enke. Additionally, the daughters identified devices in the residence used by Enke. The eldest daughter, M.E., stated her father used "meth" and would also engage in alcohol abuse on a regular basis. The daughters stated the home is not safe for them.

During the search of the residence, agents located a handgun in a lockbox under Enke's bed. Also, during the search several phones and computer devices were also located. The forensic review of these devices revealed multiple images and videos of child pornography including the following files:

• A video titled "September 5, 2023" depicting a prepubescent minor female with tan skin on a bed with what appears to be an adult male wearing an orange in color shirt. The male manipulates the female's legs, exposing her vagina. Additionally, a piece of cloth is placed over her face. The male then touches her vagina in a sexual manner.

- A photo titled "November 2, 2021" depicting a prepubescent minor female's vagina. The female is wearing a pink shirt with the words "Best Friends" visible, as well as several cartoon images.

- A video titled "September 11, 2015" depicting what appears to be a prepubescent minor female engage in masturbation with a brush and urinating. This video is the subject of the original NCMEC report provided to the FBI.

- A video titled "December 11, 2019" depicting a minor female with tan skin on her back. The video also depicts the minor exposing her vagina and anus to the camera.

- A video titled "December 17, 2019" depicting a prepubescent minor female without clothing, lying on a bed. An adult, male's hand is seen touching the child. Also visible is a watermark reading "New Exclusive 2017-Bruninha 10y -Brazil". The male is also visibly masturbating in the video. The pair eventually engage in vaginal sex.

- A video titled "November 3, 2019" in which a minor female, approximately 12 years or age is lying on her back, being anally penetrated by a penis. The female depicted in the video appears to be in pain from the penetrative act.

On March 13, 2024, FBI Special Agent Tyler Roby and an officer from the Crawford County Sheriff's Office conducted an interview of Enke. Enke was provided his *Miranda* warnings. During the interview, Enke admitting to having possessed child pornography depicting a child as young as six, but also stated he deleted such images and reported the individual who sent them to him. Enke admitted to possessing between five and 50 images/videos of child pornography on his iPhone; however, Enke stated the images were automatically downloaded to his phone and that he had nothing to do with it.

14

Enke also admitted to having a previous Facebook messenger conversation of a sexual nature with a 15-year-old female friend of his daughter. Enke stated the purpose of this conversation was to teach his daughter a lesson and that the friend had initiated the sexual conversation. Enke stated he was also involved in at least one other sexual conversation on social media with an individual who identified themselves as a minor but continued the conversation regardless.

Enke communicated with multiple minors in a sexual manner via internet-based social media applications, and Enke distributed images and videos of child pornography, including a video of his sexual contact with juvenile S.W., via the internet. Enke communicated with the minors via the internet and, knowing they were juveniles, attempted to induce and persuade them to engage in sexual conduct and to receive obscene material and child pornography for his personal sexual gratification. The Internet was, and is, a computer communications network using interstate and foreign lines to transmit data streams, including data streams used to store, transfer and receive graphic files. The Internet is a means and facility of interstate and foreign commerce. The defendant utilized digital devices that travelled in foreign and interstate commerce to communicate with these minors and to receive and distribute child pornography.

5.    **STATUTORY PENALTIES:**

As to Counts One and Two, the defendant fully understands that that the maximum possible penalty provided by law for the crime of Receipt of Child Pornography which the defendant is pleading guilty is imprisonment of not less than five years and not more than twenty years, and a fine of not more than $250,000. The Court may also impose a period of supervised release of not more than life and not less than five years. The defendant fully understands that the crime to which a guilty plea is being entered, Receipt of Child Pornography, requires a

15

mandatory minimum term of imprisonment of at least five years.

As to Count Three, the defendant fully understands that the maximum possible penalty provided by law for the crime of Coercion and Enticement of a Minor to which the defendant is pleading guilty is imprisonment of not less than ten years and not more than life, and a fine of not more than $250,000. The Court may also impose a period of supervised release of not more than life and not less than five years. The defendant fully understands that the crimes to which a guilty plea is being entered, Enticement and Coercion of a Minor, requires a mandatory minimum term of imprisonment of at least ten years.

Additionally, per 18 U.S.C. §§ 3663, 3663A, 2429, 2259, 2259A, the defendant fully understands that the Court will impose restitution to the victims of the offenses charged in the Indictment if restitution if requested.

**6. <u>U.S. SENTENCING GUIDELINES: 2018 MANUAL:</u>**

The Defendant understands that this offense is affected by the U.S. Sentencing Guidelines and the actual sentencing range is determined by both the Total Offense Level and the Criminal History Category. The parties agree that the following are the U.S. Sentencing Guidelines Total Offense Level provisions that apply.

**<u>A. Chapter 2 Offense Conduct:</u>**

**<u>1. Chapter 2 Offense Conduct, Counts I & II, Receipt and Distribution of Child Pornography:</u>**

(a)    **<u>Base Offense Level:</u>** The parties agree that the base offense level twenty-two (22) as found in Section 2G2.2(a)(2)

(b)    **<u>Specific Offense Characteristics</u>**: The parties agree that the following Specific Offense Characteristics apply:

16

    (i)     two (2) levels should be added pursuant to 2G2.2(b)(2) because the material involved a prepubescent minor who had not attained the age of 12 years;

    (ii)    five (5) levels should be added pursuant to 2G2.2(b)(3) because the offense involved distribution to a minor or distribution in exchange for any valuable consideration, but not for pecuniary gain;

    (iii)   four (4) levels should be added pursuant to 2G2.2(b)(4) because the offense involved material that portrays sadistic or masochistic conduct or other depictions of violence;

    (iv)   five (5) levels should be added pursuant to 2G2.2(b)(5) because the defendant engaged in a pattern of activity involving the sexual abuse or exploitation of a minor;

    (v)    two (2) levels should be added pursuant to 2G2.2(b)(6) because the offense involved the use of a computer or an interactive computer service for the possession, transmission, receipt, or distribution of the material, or for accessing with intent to view the material;

    (vi)   five (5) levels should be added pursuant to 2G2.2(b)(7)(D) because the offense involved 600 or more images.

**2. Chapter 2 Offense Conduct, Count III, Coercion and Enticement of a Minor:**

    **(a)**   **Base Offense Level:** The parties agree that the base offense level is twenty-eight (28) as found in Section 2G1.3(a)(3).

17

**(b)**    **Specific Offense Characteristics:** The parties agree that the following Specific Offense Characteristics apply:

(i)    two (2) levels should be added pursuant to 2G2.1(b)(6) as the offense involved (A) the knowing misrepresentation of a participant's identity to persuade, induce, entice, coerce or facilitate the travel of, a minor to engage in sexually explicit conduct and (b) the use of a computer or an interactive computer service to persuade, induce, entice, coerce, or facilitate the travel of a minor to engage in sexually explicit conduct, or to otherwise solicit participation by a minor in such conduct, or to solicit participation with a minor in sexually explicit conduct.

**B. Chapter 3 Adjustments:** The parties recommend the following adjustments:

(1) Multiple Counts: The Government contends that five (5) levels should be added pursuant to Sections 3D1.1 – 3D1.5. The defendant may dispute the addition of five (5) levels under Sections 3D1.1 – 3D1.5.

(2) Acceptance of Responsibility: The parties agree that two (2) levels should be deducted pursuant to Section 3E1.1(a), because the defendant has clearly demonstrated acceptance of responsibility for his offense. The parties agree that the defendant's eligibility for this deduction is based upon information presently known.  If subsequent to the taking of the guilty plea the government receives new evidence of statements or conduct by the defendant which it believes are inconsistent with defendant's eligibility for this deduction, the government may present said evidence to the court, and argue that the

defendant should not receive all or part of the deduction pursuant to Section 3E1.1, without violating the plea agreement.

**C. Chapter 4 Adjustments:** The parties agree that pursuant to Section 4B1.5(b) five (5) levels should be added to the offense level for Count III, as the defendant engaged in a pattern of activity involving prohibited sexual conduct.

**D. Estimated Total Offense Level:** The parties estimates that the Total Offense Level is forty-three (43).

**E. Criminal History:** The determination of the defendant's Criminal History Category shall be left to the Court. Either party may challenge, before and at sentencing, the finding of the Presentence Report as to the defendant's criminal history and the applicable category. The defendant's criminal history is known to the defendant and is substantially available in the Pretrial Services Report.

**F. Effect of Parties' U.S. Sentencing Guidelines Analysis:**

The parties agree that the Court is not bound by the Guidelines analysis set forth herein. The parties further agree that they may not have foreseen all applicable Guidelines. The Court may, in its discretion, apply or not apply any Guideline despite the Guideline analysis set forth herein and the parties shall not be permitted to withdraw from the plea agreement. The Government recognizes it is bound by any specific agreements made herein but reserves the right to answer any questions the U.S. Probation Office or the Court might have related to sentencing or present evidence at the Court's request.

7.    <u>**WAIVER OF APPEAL AND POST-CONVICTION RIGHTS:**</u>

a.    <u>**Appeal:**</u>  The defendant has been fully apprised by defense counsel of the defendant's rights concerning appeal and fully understands the right to appeal the sentence under Title 18, United States Code, Section 3742.

(1)    <u>**Non-Sentencing Issues:**</u>  The parties waive all rights to appeal all non-jurisdictional, non-sentencing issues, including, but not limited to, any issues relating to pretrial motions, discovery and the guilty plea, the constitutionality of the statute(s) to which defendant is pleading guilty and whether defendant's conduct falls within the scope of the statute(s).

(2)    <u>**Sentencing Issues:**</u> In the event the Court accepts the plea and sentences the defendant to a term of imprisonment for a numbers of years that falls within or below the applicable United States Sentencing Guidelines range as determined by the Court, then as part of this agreement, the parties hereby waive all rights to appeal all sentencing issues other than Criminal History, but only if it affects the Base Offense Level or Criminal History Category.

b.    <u>**Habeas Corpus:**</u>  The defendant agrees to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

c.    <u>**Right to Records:**</u>  The defendant waives all rights, whether asserted directly or by a representative, to request from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including any records

that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 522, or the Privacy Act, Title 5, United States Code, Section 552(a).

8.    **OTHER:**

a.    **Disclosures Required by the United States Probation Office:** The defendant agrees to truthfully complete and sign forms as required by the United States Probation Office prior to sentencing and consents to the release of these forms and any supporting documentation by the United States Probation Office to the Government.

b.    **Civil or Administrative Actions not Barred; Effect on Other Governmental Agencies:** Nothing contained herein limits the rights and authority of the United States to take any civil, tax, immigration/deportation or administrative action against the defendant.

c.    **Supervised Release:** Pursuant to any supervised release term, the Court will impose standard conditions upon the defendant and may impose special conditions related to the crime defendant committed. Some of these special conditions may include that defendant not possess a computer or internet access, that defendant not have contact with minors without the authorization of the Probation Officer, that defendant participate in sexual offender counseling and that defendant not maintain a post office box. In addition, as a condition of supervised release, defendant shall initially register with the state sex offender registration in Missouri, and shall also register with the state sex offender registration agency in any state where defendant resides, is employed, works, or is a student, as directed by the Probation Officer. The defendant shall comply with all requirements of federal and state sex offender registration laws.

21

These and any other special conditions imposed by the Court will be restrictions with which defendant will be required to adhere. Violation of the conditions of supervised release resulting in revocation may require the defendant to serve a term of imprisonment equal to the length of the term of supervised release, but not greater than the term set forth in Title 18, United States Code, Section 3583(e)(3), without credit for the time served after release. The defendant understands that parole has been abolished. If, while on supervised release for this case, the defendant commits a new criminal offense under Chapters 109A, 110 or 117, or Title 18, United States Code, Sections 1201 or 1591, for which imprisonment for a term longer than one year can be imposed, the defendant shall be sentenced on the supervised release revocation to not less than five years and up to the maximum term of life imprisonment.

**d.**    **Special Assessments:** Pursuant to Title 18, United States Code, Section 3013, the Court is required to impose a mandatory special assessment of $100 per count for a total of $300, which the defendant agrees to pay at the time of sentencing. Money paid by the defendant toward any restitution or fine imposed by the Court shall be first used to pay any unpaid mandatory special assessment.

Pursuant to Title 18, United States Code, Section 3014, for offenses occurring on or after May 29, 2015, the Court is required to impose an assessment of $5,000 per case on any non-indigent defendant convicted of an offense under chapter 110 (relating to sexual exploitation or other abuse of children, including, but not limited to, 18 U.S.C. §2252A, receipt of child pornography); and chapter 117 (relating to transportation for illegal sexual activity and related crimes, including but not limited to, 18 U.S.C. § 2422, coercion and enticement of a minor).

22

Additionally, per 18 U.S.C. § 2259A, defendant fully understands that for offenses committed on or after December 7, 2018, the Court may impose an assessment of not more than thirty-five thousand dollars ($35,000.00) per count for child pornography receipt offenses.

**e.**    **Possibility of Detention:**  The defendant shall be subject to immediate detention pursuant to the provisions of Title 18, United States Code, Section 3143.

**f.**    **Fines, Restitution and Costs of Incarceration and Supervision:**  The Court may impose a fine, restitution (in addition to any penalty authorized by law), costs of incarceration and costs of supervision.  The defendant agrees that any fine or restitution imposed by the Court will be due and payable immediately.  Pursuant to 18 U.S.C. §§ 3663, 3663A, 2429, 2259 and/or 2259A, an order of restitution is mandatory. The amount of mandatory restitution imposed shall include all amounts allowed by Sections 3663A(b), 2429, 2259 and 2259A, including all relevant conduct loss.

**g.**    **Forfeiture:** The defendant knowingly and voluntarily waives any right, title, and interest in all items seized by law enforcement officials during the course of their investigation, whether or not they are subject to forfeiture, and agrees not to contest the vesting of title of such items in the United States.  The defendant agrees that said items may be disposed of by law enforcement officials in any manner.

**9.**    **ACKNOWLEDGMENT AND WAIVER OF THE DEFENDANT'S RIGHTS:**

In pleading guilty, the defendant acknowledges, fully understands and hereby waives his rights, including but not limited to: the right to plead not guilty to the charges; the right to be tried by a jury in a public and speedy trial; the right to file pretrial motions, including motions to suppress or exclude evidence; the right at such trial to a presumption of innocence; the right to

23

require the Government to prove the elements of the offenses charged against the defendant beyond a reasonable doubt; the right not to testify; the right not to present any evidence; the right to be protected from compelled self-incrimination; the right at trial to confront and cross-examine adverse witnesses; the right to testify and present evidence and the right to compel the attendance of witnesses. The defendant further understands that by this guilty plea, the defendant expressly waives all the rights set forth in this paragraph.

The defendant fully understands that the defendant has the right to be represented by counsel, and if necessary, to have the Court appoint counsel at trial and at every other stage of the proceeding. The defendant's counsel has explained these rights and the consequences of the waiver of these rights. The defendant fully understands that, as a result of the guilty plea, no trial will, in fact, occur and that the only action remaining to be taken in this case is the imposition of the sentence.

Defendant understands that by pleading guilty, defendant will be subject to federal and state sex offender registration requirements, and that those requirements may apply for life. The defendant understands that defendant must keep said registrations current, shall notify the state sex offender registration agency or agencies of any changes to defendant's name, place of residence, employment, or student status, or other relevant information. Defendant shall comply with requirements to periodically verify in person said sex offender registration information. Defendant understands that defendant will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements. If defendant resides in Missouri following release from prison, defendant will be subject to the registration requirements of Missouri state law. Defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon release from confinement following

24

conviction. Defense counsel has advised the defendant of the possible sex offender registration consequences resulting from the plea.

If the defendant is not a U.S. citizen, the guilty plea could impact defendant's immigration status or result in deportation. In particular, if any crime to which defendant is pleading guilty is an "aggravated felony" as defined by Title 8, United States Code, Section 1101(a)(43), removal or deportation is presumed mandatory. Defense counsel has advised the defendant of the possible immigration consequences, including deportation, resulting from the plea.

The defendant is fully satisfied with the representation received from defense counsel. The defendant has reviewed the Government's evidence and discussed the Government's case and all possible defenses and defense witnesses with defense counsel. Defense counsel has completely and satisfactorily explored all areas which the defendant has requested relative to the Government's case and any defenses.

## 10.    **VOLUNTARY NATURE OF THE GUILTY PLEA AND PLEA AGREEMENT:**

This document constitutes the entire agreement between the defendant and the Government, and no other promises or inducements have been made, directly or indirectly, by any agent of the Government, including any Department of Justice attorney, concerning any plea to be entered in this case. In addition, the defendant states that no person has, directly or indirectly, threatened or coerced the defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

The defendant acknowledges having voluntarily entered into both the plea agreement and the guilty plea. The defendant further acknowledges that this guilty plea is made of the defendant's own free will and that the defendant is, in fact, guilty.

25

## 11. **CONSEQUENCES OF POST-PLEA MISCONDUCT:**

After pleading guilty and before sentencing, if defendant commits any crimes, other than minor traffic offenses, violates any conditions of release that results in revocation, violates any term of this guilty-plea agreement, intentionally provides misleading, incomplete or untruthful information to the U.S. Probation Office or fails to appear for sentencing, the United States, at its option, may be released from its obligations under this agreement. The Government may also, in its discretion, proceed with this agreement and may advocate for any sentencing position supported by the facts, including but not limited to obstruction of justice and denial of acceptance of responsibility.

## 12. **NO RIGHT TO WITHDRAW GUILTY PLEA:**

Pursuant to Rule 11(c) and (d), Federal Rules of Criminal Procedure, the defendant understands that there will be no right to withdraw the plea entered under this agreement, except where the Court rejects those portions of the plea agreement which deal with charges the Government agrees to dismiss or not to bring.

_10-31-24_
Date

_10/31/24_
Date

_10-31-24_
Date

JILLIAN S. ANDERSON
Assistant United States Attorney

JASON M. ENKE
Defendant

TERRY J. FLANAGAN
Attorney for Defendant

26